

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRYAN M. TARTER,<br><br>Plaintiff,<br><br>vs.<br><br>THRONE LAW OFFICE, P.C., and<br>JACOB T. HASEMAN,<br><br>Defendants. | CV 17-123-BLG-SPW<br><br>ORDER |

Before the Court are five motions in limine filed by Defendants Throne Law Office, P.C., and Jacob T. Haseman. For the following reasons, the Court denies the motions in limine.

I. **Facts**

Please see the background section of the Court's order granting in part and denying in part the Defendants' motion for summary judgment. (Doc. 31).

II. **Law**

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). A motion in limine should not be used to resolve factual disputes or weigh evidence. *C & E Services, Inc., v. Ashland Inc.*, 539 F.Supp.2d 316, 323

1

(D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. K-Mart Corp.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). Courts have wide discretion in considering and ruling on motions in limine. *See Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984).

## III. Discussion

### A. Plaintiff's experts are not cumulative

#### 1. Plaintiff's retained experts

The Defendants argue the Plaintiff's experts offer cumulative testimony on the standard of care in violation of Rule of Evidence 403. The Plaintiff responds that while there is some overlap, each is necessary because one is an expert transactional attorney and one is an expert bankruptcy attorney. The Court agrees with the Plaintiff.

Robert Sullivan is an expert in real estate, financing, and litigation. Sullivan's opinion on the standard of care is that senior attorneys have a responsibility to supervise less experienced attorneys in transaction negotiations, and the failure to meet that standard of care here resulted in the Defendants missing the issue of security in the negotiation.

James Patten is an expert in bankruptcy law. Patten's opinion on the standard of care is that attorneys have a responsibility to advise clients on the risks associated with unsecured transactions, such as not being paid in full if the debtor

2

files for bankruptcy, and the failure to meet that standard of care here resulted in the Plaintiff entering an unsecured transaction without knowing or understanding the risks.

The two opinions have some overlap because they pertain to security in transactions, but they are focused on different aspects of the lack of security in this negotiation. Sullivan's opinion mostly concerns how the standard of care was breached, whereas Patten's opinion mostly concerns the effects of the breach. Furthermore, given the complex nature of this professional negligence action, which involves detailed real estate agreements and bankruptcy proceedings, the jury will benefit from hearing the opinion of an expert in each field.

At trial, if the opinions of Sullivan and Patten become impermissibly cumulative, the Defendants are free to renew their objection at that time.

### 2. Plaintiff's unretained expert

The Defendants argue Rebecca Case should be precluded from offering standard of care testimony. Case is an attorney who was involved in the bankruptcy proceeding. The Plaintiff responds Case was disclosed as a hybrid witness out of caution and does not anticipate offering Case's opinion on the standard of care. The Defendants' motion with regard to Case is denied with leave to renew at trial.

### B. Whether the Plaintiff has sufficient evidence to prove his damages is not an appropriate issue to raise in a motion in limine

The Defendants argue the Plaintiff doesn't have an expert to prove he would've received the balance of the purchase price if the transaction was secured. The Plaintiff responds Patten establishes the necessary causation evidence. The Defendants' motion is denied because it's based on insufficient evidence, which is properly addressed during trial with a motion under Federal Rule of Civil Procedure 50 or after trial with a motion under Federal Rule of Civil Procedure 59.

### C. Attorneys are not permitted to vouch for witnesses

The Defendants argue the Plaintiff's attorney should be precluded from vouching for any witnesses. Attorneys are not allowed to vouch for witnesses, but they can comment and present argument based on the evidence. The Defendants' motion is denied with leave to renew.

### D. Other coal companies' bankruptcies may be admissible on the issue of foreseeability

The Defendants argue other coal companies' bankruptcies that occurred after the transaction at issue here are irrelevant and prejudicial. The Defendants do not point to any specific evidence and instead lodge a blanket objection. The Plaintiff responds the financial stability of other coal companies is relevant to the issue of foreseeability. The Court denies the Defendants' motion with leave to renew because the Court cannot determine whether the financial stability of other coal companies is relevant and more probative than prejudicial without seeing the specific evidence or the context in which it arises.

4

### E. The unpaid balance of the purchase price and the lost value of Section 12 are not the same

The Defendants argue the Plaintiff should be precluded from requesting damages for the lost opportunity to repurchase Section 12 because it is duplicative of Plaintiff's request for damages for the unpaid balance of the purchase price. The Plaintiff argues the two damages are distinct. The Court agrees with the Plaintiff. The unpaid balance of the purchase price is intuitively a distinct injury from the lost opportunity to re-purchase Section 12. The unpaid balance of the purchase price is the damage the Plaintiff suffered due to being an unsecured creditor. The lost opportunity to repurchase Section 12 is the damage the Plaintiff suffered due to an inability to re-purchase the land at a steep discount. The Defendants' motion is denied.

## IV. Conclusion and Order

The Defendants' motions in limine (Doc. 32) are denied, with leave to renew where stated in the Court's Order.

DATED this 6th day of March, 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge